UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ERNEST CORNELIUS WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:06CV794(SNL) |
| | ) | |
| DENNIS N. SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Ernest Cornelius Williams (registration no. 43551), an inmate at the Potosi Correctional Center (PCC), for leave to commence this action without payment of the required filing fee [Doc. #1]. See 28 U.S.C. § 1915(a). For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $8.92. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $44.58, and an average monthly account balance of $11.47. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $8.92, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are Dennis N. Smith; "The St. Louis County Prosecutor"; the 21st Judicial Circuit of Missouri; Marshall Craig; the Missouri Court of Appeals, Eastern District of Missouri; John Ashcroft; and the Director of the Missouri Department of Corrections. Briefly, plaintiff alleges that the defendants conspired to deprive him of

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

his constitutional rights in connection with his criminal trial due to plaintiff's race. Specifically, plaintiff challenges the jury instructions that led to his conviction.

**Discussion**

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's complaint directly attacks the validity of his conviction. Unless and until plaintiff has this conviction overturned in an appropriate proceeding, the instant § 1983 action seeking damages for plaintiff's supposedly illegal confinement is prohibited by Heck v. Humphrey, 512 U.S. 477 (1994).

Even if not barred by Heck, plaintiff's complaint should still be dismissed. The St. Louis County Prosecutor and defendant Ashcroft are absolutely immune from liability for damages under 42 U.S.C. § 1983 for actions taken in initiating criminal prosecution and presenting the state case. Imbler v. Pachtman, 424 U.S. 409, 431-32 (1976); White v. Bloom, 621 F.2d 276, 280 (8th Cir. 1981) (same holding in suit brought under §§ 1983 and 1985); see also Myers v. Morris, 810 F.2d 1437, 1446 (8th Cir. 1987) (allegations that prosecutor presented false testimony or withheld evidence do not defeat immunity). Defendant Craig is absolutely immune from a § 1983 suit for damages for actions taken in his judicial capacity. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

Because defendant Smith is an attorney in private practice, there appears to be no arguable basis that defendant

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Smith acted under color of state law in for purposes of an action under 42 U.S.C. § 1983 as it relates to Smith's representation of plaintiff.  See <u>Polk County v. Dodson</u>, 454 U.S. 527, 535 (1981); <u>Harkins v. Eldredge</u>, 505 F.2d 802, 803 (8th Cir. 1974).

Finally, the 21st Judicial Circuit, the Missouri Court of Appeals, and the Missouri Department of Corrections are not "persons" for purposes of a § 1983 actions.<u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 63 (1989).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #1] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $8.92 within thirty (30) days from the date of this order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

An appropriate order shall accompany this order and memorandum.

Dated this 12th day of June, 2006.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com